UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUCILLE FERNANDEZ,

     Plaintiff,

v.                                      CASE NO.:

G4S SECURE SOLUTIONS (USA), INC., a Florida
Profit Corporation

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.  Plaintiff, LUCILLE FERNANDEZ ("Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant, G4S SECURE SOLUTIONS (USA), INC. ("G4S"), a Florida Profit Corporation, for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, and reasonable attorneys' fees and costs.

### JURISDICTION

2.  The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

## PARTIES

3.   At all times relevant hereto, Plaintiff was an employee of Defendant, a Florida Profit Corporation, and resided in Lee County, Florida.

4.   Plaintiff worked for G4S as security officer from May, 2013, until her constructive discharge on or about September 17, 2015.

5.   At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

6.   At all times relevant hereto, Plaintiff worked at a location where the Defendant employed 50 or more employees within 75 miles.

7.   At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

8.   At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Defendant interfered with and/or retaliated against Plaintiff.

9.   During her lengthy employment, Plaintiff was considered an exemplary employee with no significant history of performance, attendance, or disciplinary issues.

10. At all times material hereto, Plaintiff was covered by the FMLA's provisions based on her need for leave involving her pregnancy.

11. Because of her pregnancy, Plaintiff applied for, and was approved for, FMLA leave.

12.   Plaintiff was required to use same FMLA leave for pregnancy related health issues, which she properly utilized in accordance therewith.

13. During her employment, Plaintiff was an exemplary employee with no legitimate documented history of attendance, performance, or disciplinary issues.

14. Plaintiff  availed herself of unpaid leave pursuant to the FMLA in connection with her pregnancy from July 6, 2015, through July 21, 2015.

15.  Upon her return to work, G4S retaliated against her by changing her work schedule to a much more disadvantageous schedule which does not constitute the same or similar position.

16. When Plaintiff objected to this change of position, nothing that could be done and that Defendant felt it "would be better" for her as a mother.

17. Additionally, both prior to and after her FMLA leave, Defendant retaliated against Plaintiff in that her Manager, Leo Mentitar, expressed his displeasure with Plaintiff taking FMLA leave.  Then, within weeks of her return from FMLA, Defendant cut Plaintiff's pay from $13.25 per hour to $10.50 per hour.

18. Based on the manner in which she was retaliated against, demoted, and suffered a loss of pay based on her use of FMLA, Plaintiff had no choice but to resign, and was constructively discharged.

19. Defendant did not have a legitimate reason for treating Plaintiff in the above manner, and interfered with, and retaliated against her, by failing to reinstate her to her position upon return from FMLA leave, cutting her pay, and discouraging her from using FMLA.

## FMLA INTERFERENCE/ RETALIATION

20. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19 above.

3

21. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff, because Plaintiff exercised her right to take leave from work under the FMLA.

22. At all times relevant hereto, Defendant interfered with, and retaliated against, Plaintiff in violation of the FMLA.

23. At all times relevant hereto, Plaintiff was protected under the FMLA based on her pregnancy and need for leave, within the meaning of the FMLA.

24. At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA.

Defendant interfered with and retaliated against Plaintiff for exercising her right under the FMLA.

25. At all times relevant hereto, Defendant acted with the intent to discriminate against Plaintiff, because Plaintiff exercised her right to leave pursuant to the FMLA.

26. As a result of Defendant's intentional, willful and unlawful acts by discriminating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

27. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

28. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate. Plaintiff demands trial by jury on all issues so triable.

DATED this 13th day of November 2015.

By: _____

Richard Celler, Esq.
FL Bar No.:  173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Tel: (866) 344-9243
Fax: 954-337-2771
E-mail:
richard@floridaovertimelawyer.com

5